IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RENITA G. NORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cv-03109 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 15). Magistrate Judge Schanzle-Haskins recommends that this court (1) deny Plaintiff Renita G. Norris' Motion for Summary Judgment (d/e 10); (2) grant Defendant's Motion for Summary Affirmance (d/e 12); and (3) affirm Defendant's decision that Plaintiff was not disabled or entitled to Social Security Disability Insurance Benefits and Supplemental Security Income. On August 2, 2018, Plaintiff filed her Objections to the Report and Recommendation (d/e 16).

For the reasons set forth below, Plaintiff's objections are OVERRULED. The court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation in full. Plaintiff's Motion for Summary Judgment (d/e 10) is DENIED, and Defendant's Motion for Summary Affirmance (d/e 12) is GRANTED. The decision of the Commissioner is AFFIRMED.

## I. **LEGAL STANDARD**

When a magistrate judge proposes factual findings and recommendations, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. The district court reviews de novo any part of a magistrate judge's report and recommendation to which a specific written objection has been made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

In conducting this de novo review, the court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence. See Overman v. Astrue, 546 F.3d 456, 462 (7th Cir. 2008) (citation omitted). If the decision has such support,

the court may not substitute its judgment for that of the ALJ. See id. (citation omitted). "Substantial evidence is only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Nelson v. Apfel, 131 F.3d 1228, 1234 (7th Cir. 1997).

This court will not review the credibility determinations of the ALJ unless the determinations lack any explanation or support in the record. Elder v. Astrue, 529 F.3d 408, 413-14 (7th Cir. 2008). The ALJ must articulate at least minimally her analysis of all relevant evidence, Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994), and "the [ALJ's] decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues," Lopez ex rel. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003). Additionally, the ALJ must "build an accurate and logical bridge from the evidence to his conclusion." Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

## II. BACKGROUND

The court adopts the facts as presented by Magistrate Judge Schanzle-Haskins in the Report and Recommendation. The court

sets forth below only those facts necessary to resolve Plaintiff's objections to the Report and Recommendation.

Plaintiff appeals from the denial of her application for Social Security Disability Insurance Benefits and Supplemental Security Income. Plaintiff has earned a high school diploma and completed two years of college courses. Plaintiff has been diagnosed with depression, bipolar disorder, anxiety disorder, history of attention-deficit disorder and impulsive disorder for which she has intermittently sought treatment and taken medication over the years. Plaintiff has also been diagnosed with transient borderline obesity. Plaintiff has previously worked as a cashier and waitress, but has not engaged in substantial gainful activity since April 26, 2012, although she has worked part time since that date, again as a waitress.

On August 26, 2014, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. Tr. 208-25. Plaintiff appealed the decision to the Social Security Administration Appeals Council, which subsequently vacated the ALJ's decision and remanded the matter for further proceedings. Tr. 228-30.

On December 1, 2015, the ALJ conducted an evidentiary hearing (the third in this case) following the remand by the Appeals Council. Plaintiff testified at the hearing, as did vocational expert Dr. Darrell Taylor, Ph.D., and psychological expert Dr. Michael Cremerius, Ph.D.

On February 16, 2016, the ALJ issued his decision, concluding that Plaintiff was not disabled. The ALJ followed the five-step analysis set forth in the Social Security Administration Regulations. 20 C.F.R. §§ 404.1520, 416.920. The ALJ found that Plaintiff had met her burden at steps one through four of the analysis, but the ALJ concluded at step five that Plaintiff could perform a significant number of jobs that exist in the national economy, and therefore was not disabled. Tr. 33.

Plaintiff appealed the ALJ's decision, but the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of Defendant. Tr. 1. Plaintiff subsequently filed a Complaint (d/e 1) seeking judicial review of the ALJ's decision. Plaintiff ultimately filed a motion for summary judgment, and Defendant filed a cross motion for summary judgment. See d/e 10, 12.

Magistrate Judge Tom Schanzle-Haskins issued a Report and Recommendation regarding the ALJ's decision and the parties' motions for summary judgment on July 30, 2018. Magistrate Judge Schanzle-Haskins determined that the ALJ's decision to deny Plaintiff Social Security Disability Insurance Benefits and Supplemental Security Income was supported by substantial evidence. Plaintiff filed objections to the Report and Recommendation (d/e 16) on August 2, 2018.

### III. **ANALYSIS**

Plaintiff asserts two objections to the Report and Recommendation issued by Magistrate Judge Schanzle-Haskins. Plaintiff first objects that the Report and Recommendation interprets the ALJ's decision in a manner that creates a new reversible error. Plaintiff's second objection is that the Report and Recommendation incorrectly applies controlling Seventh Circuit Precedent. Each objection is addressed in turn.

At the root of Plaintiff's first objection is the claim that the ALJ did not sufficiently account for Plaintiff's moderate impairments in concentration, persistence, or pace. The ALJ applied the regulations in effect at the time of his decision and found at steps

two and three that Plaintiff had moderate impairments in concentration, persistence, or pace. Tr. 24-25. The ALJ then made a residual functional capacity ("RFC") finding that included in relevant part the finding that Plaintiff "can perform simple, routine, repetitive tasks." Tr. 26. The RFC further contained the limitations that Plaintiff "cannot interact with the public. She can occasionally interact with coworkers and supervisors. She cannot perform fast-paced production quotas; however, an end of day quota is permitted." Id.

Plaintiff contends that the Report and Recommendation did not take into account the fact that the ALJ accorded weight to both the opinions of the state agency and Dr. Cremerius, but only Dr. Cremerius' opinions were reflected in the RFC. Plaintiff argues that the finding is inconsistent, but no inconsistency is apparent. The opinions of the state agency experts are entirely consistent with the opinions of Dr. Cremerius, and accordingly reflected in the ALJ's RFC finding.

Dr. Cremerius testified at the 2015 hearing and set forth the following limitations for Plaintiff based on her moderate impairments in concentration, persistence, or pace:

> I think that she could understand and remember simple and detailed instruction. I guess I would preclude complex instruction. I would limit her to performing more simple, routine tasks. I would limit her interactions with the public to only incidental, which means that she could be in proximity to the public but have no direct responsibility for serving the public. She could have occasional contact with coworkers and supervisors. I would further preclude and fast paced tasks with strict production quotas. End of the day production quotas would be fine . . . .

Tr. 119.

The state agency consultants, Dr. Howard Tin, Psy.D., and Dr. Donald Henson, Ph.D., reviewed the record in this case and found that Plaintiff had no significant limitations in her ability to carry out short and simple instructions, to sustain an ordinary routine without special supervision, to make simple work-related decisions, or to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. The agency experts both found moderate limitations in Plaintiff's ability to: carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual

within customary tolerances; and work in coordination with or in proximity to others without being distracted by them. Both narratives, under the heading 'Sustained Concentration and Persistence,' noted Plaintiff could remember work procedures and understand and carry out simple instructions, but could not handle changes in routine well and had difficulty interacting appropriately with the general public. They further found Plaintiff had difficulty carrying out detailed instructions and maintaining attention and concentration for extended periods of time, however Plaintiff was capable of performing simple tasks.

The court can see no inconsistency between the opinions of the state agency experts and Dr. Cremerius. Merely because the ALJ's RFC more closely mirrors Dr. Cremerius' language does not mean that the ALJ 'discarded' the opinions of the state agency experts. The ALJ stated that considerable weight was given to the state agency expert's opinions, and the RFC language encompasses all of the limitations noted by the experts. The Magistrate Judge and the ALJ found the evidence to be consistent, as does this court.

The heart of Plaintiff's second objection is that the ALJ's use of the phrase "cannot perform fast paced production quotas; however

an end of the day quota is permitted" in posing a hypothetical to the vocational expert is impermissibly vague. Relying primarily on O'Connor-Spinner v. Astrue, 627 F.3d 614, 619 (7th Cir. 2010), and Varga v. Colvin, 794 F.3d 809, 815 (7th Cir. 2015), Plaintiff argues that the RFC restrictions fail to accommodate Plaintiff's mental limitations because they are vague and undefined as to concentration, persistence, or pace, and therefore remand is required.

In O'Connor-Spinner, the Seventh Circuit noted that while the most effective way to ensure a vocational expert is apprised of a claimant's limitations, including mental limitations, is to include them in the hypothetical, there is no per se requirement that the phrase "concentration, persistence, and pace" actually be used in the hypothetical in every case. 627 F.3d at 619. The Seventh Circuit has also made clear that an ALJ "may rely on a doctor's narrative RFC . . . where that narrative adequately encapsulates and translates" the claimant's limitations. Varga, 794 F.3d at 816.

Here, the ALJ appropriately relied on Dr. Cremerius' opinions about Plaintiff's moderate mental limitations and incorporated them in his formulation of the hypothetical posed to the vocational

expert. The ALJ took the limitations proposed by Dr. Cremerius, which "adequately encapsulated and translated" Plaintiff's limitations, and incorporated them directly into the hypothetical. See Varga, 794 F.3d at 816. The Magistrate Judge considered Plaintiff's argument on this point and rejected it, and this court finds no error either.

The court finds no clear error with respect to any other portion of the Report and Recommendation.

### IV. **CONCLUSION**

For the reasons stated, IT IS ORDERED THAT:

**(1) Plaintiff Renita G. Norris' Objections to the Report and Recommendation of the U.S. Magistrate Judge (d/e 16) are OVERRULED.**

**(2) The Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 15) is ACCEPTED and ADOPTED in full.**

**(3) Plaintiff's Motion for Summary Judgment and Memorandum of Law (d/e 10) is DENIED.**

**(4) Defendant's Motion for Summary Affirmance (d/e 12) is GRANTED.**

(5) **Defendant's decision that Plaintiff was not disabled or entitled to Social Security Disability Insurance Benefits is AFFIRMED.**

(6) **THIS CASE IS CLOSED.**

ENTER: September 28, 2018

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE